IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01246-WDM

TIMOTHY G. NUNN,

    Plaintiff,

v.

ST. PAUL TRAVELERS, formerly doing business as Farmington Travelers and The Travelers, and
BARBARA McDANIEL,

    Defendants.

**ORDER**

Miller, J.

This matter is before me on three motions: (1) Plaintiff Timothy G. Nunn's ("Nunn") motion to remand, filed July 14, 2005; (2) Defendant Barbara McDaniel's ("McDaniel") motion to dismiss, filed July 7, 2006; and (3) Defendants St. Paul Travelers and McDaniel's motion to strike, filed February 13, 2006. I have considered the motions, related briefs, and the Complaint. For the reasons discussed below, I conclude that the motion to remand will be denied, and the motion to dismiss and the motion to strike will be granted.

1.    <u>Fraudulent Joinder</u>

This is an insurance case. Nunn sued the defendants, St. Paul Travelers and McDaniel in Colorado state court alleging bad faith breach of an insurance contract. Following removal to federal court, Nunn now asserts two grounds for remand back to

state court: (1) this court lacks diversity jurisdiction because both he and McDaniel are residents of Colorado; or alternatively, (2) 28 U.S.C. § 1445(c) precludes removal because this case "arises under the workmen's compensation laws of" Colorado. In response, the defendants argue that removal was proper under the doctrine of fraudulent joinder because Nunn has no viable claim against McDaniel, and that § 1445(c) does not apply because this case does not arise under Colorado workmen's compensation laws.

The doctrine of fraudulent joinder generally provides that the joinder of a non-diverse defendant will only prevent removal when the plaintiff has a legitimate claim against the this defendant. However, defendants claiming fraudulent joinder bear a heavy burden, as they must prove with "complete certainty" that the plaintiff's claims against the non-diverse defendant could not succeed in state court. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see also Miami Pipe Line Co. v. Panhandle E. Pipe Line Co.*, 384 F.2d 21, 27 (10th Cir. 1967) (affirming denial of remand because "it incontrovertably appears" that the plaintiff could not prevail on their claim against the non-diverse defendant); *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (noting that standard of review is even more favorable for plaintiff than it is under a Fed. R. Civ. P. 12(b)(6) analysis). Although the court's inquiry bears some resemblance to that of a motion to dismiss pursuant to Rule 12(b)(6), the scope of the inquiry is different, and the court can look beyond the pleadings to determine whether the joinder is fraudulent. *See Smoot*, 378 F.2d at 882; *Miami Pipe Line*, 384 F.2d at 27.

In this case, the defendants argue that under Colorado law, only the insurance

company, and not McDaniel, owed duties of good faith and fair dealing to Nunn. Therefore, they claim that there is no possibility that Nunn can prevail against McDaniel, who they characterize as a merely "an employee who handled the payment of certain of Plaintiff's worker's compensation claims." (Def.'s Resp. at 9.)

In response, Nunn relies on a line of Colorado cases culminating in *Cary v. United of Omaha Life Insurance Co.*, which indicate that in the insurance context, a duty of good faith can arise even when there is no privity of contract. 68 P.3d 462 (Colo. 2003). However, the Colorado Supreme Court emphasized in *Cary* that "[i]n the typical insurance case, only the insurer owes the duty of good faith to its insured; agents of the insurance company — even agents involved in claims processing — do not owe a duty, since they do not have the requisite special relationship with the insured" *Id.* at 466. In addition, the court explained that normally "the insured is adequately protected by" the insurer's duty, but when the defendant's actions "are similar enough to those typically performed by an insurance company," there is an exception to normal privity of contract requirement. *Id.*

Applying these principles to this case, I conclude that this is clearly not the type of special case that warrants an exception to the privity rule. Although Nunn emphasizes the prolonged and leading role that McDaniel played in handling his worker's compensation claims, Nunn never alleges that she was anything more than an employee of an insurance company acting on its behalf. In *Cary*, the court found that an exception was justified because the defendant was an independent company that "had primary control over benefit determinations" and had major financial incentives to resist paying on valid claims. *Id.* at 463-464. In contrast, neither of these factors are

true of McDaniel, an individual employee, nor can it be said that Nunn will be inadequately protected by the duty owed by the insurance company.  *See id.* at 466.  In sum, I find that it is completely certain that Nunn can not recover under Colorado law for his claims against McDaniel, and therefore, remand should not be granted based on lack of diversity jurisdiction.

2.   McDaniel's Motion to Dismiss

For the reasons discussed above, there is no doubt that Nunn can prove no set of facts entitling him to relief on his claims against McDaniel.  Therefore, McDaniel's motion to dismiss should be granted.

3.   Workmen's Compensation

Nunn also argues that remand is required under 28 U.S.C. § 1445(c) because his claims "arise[] under the workmen's compensation laws of" Colorado.[1]  Although candidly conceding that "there are many cases to the contrary," Nunn urges me to follow *Hines v. Marriott Int'l Inc.*, 246 F. Supp. 2d 815 (N.D. Ohio 2002), and *Colvin v. Weyerhaeuser Co.*, 229 F. Supp. 1022 (D. Or. 1964).  However, neither of these cases dealt with a claim of bad faith breach of an insurance contract.  In Colorado, such a claim was originally recognized as a common law tort in 1984, and has since been expanded upon by the passage of the Colorado Auto Accident Reparations Act in 1987.  *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 445-46 & n.8 (Colo. 1997).  It has thus been described as a "'public policy tort.'"  *Decker*, 931 P.2d at n.8 (quoting Brian F. Berger, Note, *Defining Public Policy Torts in At-Will Dismissals*, 34 Stan. L.

---

[1] This subsection provides in full that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

Rev. 153, 165 (1981)). In these circumstances, I find that such a claim does not arise under Colorado workmen's compensation laws, but rather it arises under Colorado tort law and other areas of Colorado statutory law. *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (emphasizing the distinction between claims grounded in a state's tort laws versus claims grounded in their workmen's compensation statutes); *Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996) (holding that § 1445(c) did not apply to a claim against a workers' compensation insurance carrier for breach of their duties of good faith and fair dealing because such a claim arises under the common law. Therefore, § 1445(c) does not require remand in this case.

4.  <u>Defendants' Motion to Strike Supplemental Authority</u>

More than three months after filing his reply brief regarding his motion to remand, Nunn also filed a supplemental brief, asserting a few new twists on his previous arguments and citing several additional cases. Defendants move to strike this supplement, arguing that it is inappropriate for Nunn to file an additional brief that makes new arguments and cites cases that could, and should have been included in his previous briefs. In these circumstances, I agree with Defendants that the supplemental brief should be stricken.

Accordingly, it is ordered:

1.  Plaintiff's motion to remand, filed July 14, 2005 (Docket No. 8), is denied.
2.  Defendant Barbara McDaniel's motion to dismiss, filed July 7, 2006 (Docket No. 4), is granted.
3.  Defendants' motion to strike, filed February 13, 2006 (Docket No. 16), is granted.

4.  Plaintiff's supplemental brief, filed January 23, 2006 (Docket No. 14), is stricken from the record.

5.  This case remains pending on Plaintiff's claims against St. Paul Travelers only.

DATED at Denver, Colorado, on March 28, 2006.

                                        BY THE COURT:

                                        s/ Walker D. Miller
                                        United States District Judge

PDF FINAL